**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES BARRERA-FLORES, | No. 08-72999 |
| Petitioner, | Agency No. A092-171-581 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | ORDER OF DISMISSAL * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2010
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

   Andres Barrera-Flores ("Barrera-Flores"), a native and citizen of Mexico who has lawfully resided in the United States since December 1990, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his application for cancellation of removal. We dismiss the petition.

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We lack jurisdiction to review the BIA's discretionary decision to deny his application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980–81 (9th Cir. 2009). While we retain jurisdiction to review "colorable" constitutional claims, "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb . . . . To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

We have held that a petitioner did not state a colorable constitutional challenge when she claimed "that the IJ denied her right to due process by misapplying the facts of her case to the applicable law." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Barrera-Flores contends that "the BIA and the IJ before it, misappl[ied] the legally required future oriented analysis for hardship," that "the Agency . . . did not properly weigh the evidence," and that "[b]oth the BIA and the IJ incorrectly applied the hardship standard."

Our review of the record convinces us that we lack jurisdiction because Barrera-Flores has merely labeled an abuse of discretion challenge to the discretionary hardship determination as a due process violation.

**PETITION DISMISSED.**